IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WA'IL MANSUR MUHANNAD, | ) | |
| | ) | |
| Petitioner, | ) | 8:16CV142 |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

Petitioner, who is currently incarcerated at the Leavenworth Detention Center in Leavenworth, Kansas, filed a Petition for Writ of Habeas Corpus (Filing No. 1) pursuant to 28 U.S.C. § 2241. Liberally construed, Petitioner challenges the United States Parole Commission's authority to supervise him and revoke his parole. For the reasons that follow, the petition will be dismissed without prejudice.

## I. DISCUSSION

An action for habeas corpus which attacks the computation and execution of a sentence, rather than the sentence itself, is properly brought under 28 U.S.C. § 2241. S*ee United States v. Hutchings*, 835 F.2d 185 (8th Cir. 1987) (holding that a federal prisoner challenging the manner, location, or conditions of sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241); *Boone v. Menifee*, 387 F. Supp.2d 338, 343 (S.D. N.Y. 2005) ("Included among the topics that a Section 2241 petitioner may address in such a proceeding are the administration of parole and the computation of a prisoner's sentence"). A federal prisoner attacking the execution of a sentence in a § 2241 proceeding must be filed in the district where the prisoner is confined. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009) ([A] claim attacking the execution of [a] sentence should be brought in a § 2241 petition in the jurisdiction of incarceration").

Petitioner in incarcerated in Leavenworth, Kansas. Because Petitioner is not incarcerated in this district, the court will dismiss the petition without prejudice to reassertion in the proper forum.

## II. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that this case is dismissed without prejudice to reassertion in the proper forum.

DATED this 23rd day of May, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge